E-FILED
Tuesday, 27 October, 2009  04:20:19 PM
Clerk, U.S. District Court, ILCD

# United States District Court

CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

v.

THOMAS FAIRCLOUGH

~~[redacted]~~

Kankakee, Illinois

(Name and Address of Defendant)

**FILED**

OCT 2 7 2009

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

**CRIMINAL COMPLAINT**

CASE NUMBER: 09- mJ- 7244

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or before <u>October 27, 2009</u> in <u>Kankakee County</u>, in the <u>Central</u> District of <u>Illinois</u> defendant(s) did:

(1) use, persuade, induce, entice or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct knowing or having reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate and foreign commerce and that the visual depiction was produced using materials that have been transported in interstate and foreign commerce, including by computer. 18 U.S.C. 2251(a)

(2) as a parent and having custody or control of a minor permits such minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct knowing or having reason to know that such visual depiction will be transported or transmitted using any means of interstates and foreign commerce and in affecting interstate and foreign commerce and such visual depiction was produced using materials that have been transported in interstate and foreign commerce. 18 U.S.C. 2251(b)

(3) knowingly transport using any means or facility of interstate and foreign commerce, including by computer any visual depiction involving the use of a minor engaged in sexually explicit conduct. 18 U.S.C. 2252(a)(1)

(4) knowingly receives and distributes any material that contains child pornography that has been mailed or transported using any means or facility of interstate or foreign commerce, including by computer. 18 U.S.C. 2252A(a)(2)(B)

in violation of Title <u>18</u> United States Code, Section(s) <u>2251(a), 2251(b), 2252(a)(1), 2252A(a)(2)(B)</u>

I further state that I am a(n) <u>Special Agent with the Federal Bureau of Investigation</u> and that this complaint is based on the following facts:
Official Title

See attached affidavit of SA Matthew W. Sellman

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

s/ Matthew Sellman
Signature of Complainant

Sworn to before me and subscribed in my presence,

October 27, 2009                                at  Urbana, Illinois
Date                                                       City and State

David G. Bernthal                               s/ David G. Bernthal
U.S. Magistrate Judge

Name & Title of Judicial Officer            Signature of Judicial Officer

# AFFIDAVIT
# FOR CRIMINAL COMPLAINT

Matthew W. Sellman, being duly sworn, states:

## A. Introduction and Agent Background

1. I have been a Special Agent with the FBI for approximately one and a half years. I have a computer related bachelors degree in Information and Operations Management / Management Information Systems. Prior to the FBI, I received additional training in computer programming and systems analysis over the course of an approximate eight-year career as an information technology professional. Since October, 2008, I have been assigned to the Springfield Division Cyber Crimes Squad, which is responsible for investigating violations involving Internet fraud, computer intrusions, and crimes against children/child pornography.

2. This affidavit is being prepared for the purpose of seeking a complaint and arrest warrant for Thomas Fairclough, a white male, 37 years of age, charging him in violations of Title 18, United States Code, Section 2251(a), 2251(b), 2252 and 2252A.

3. The statements in this affidavit are based on my personal knowledge, on information I have received from other law enforcement personnel, and from persons with knowledge regarding relevant facts. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant and criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that Thomas Fairclough has committed of violations of Title 18, United States Code,

Sections 2251(a), 2251(b), 2252 and 2252A.. The investigation in this case has lead to an individual, Thomas Fairclough, who is producing, collecting, and distributing child pornography via the Internet using Peer-to-Peer (P2P) software.

**B. The Peer to Peer Software Used in This Matter**

    4. The type of P2P software used in this case allows users to set up their own private P2P network of contacts. To use this software, a user only has to download a free program from the Internet and then select folders on his or her computer that the user wants to share. However, the user may download files from other users without sharing any files.

    5. The shared folders on the user's computer are not chosen by default. Instead, the user specifically designates the folders and content for sharing with the other users on the user's private network.

    6. File sharing through this software is limited to other users who have been added to a private list of "friends" by the user sharing the file. A user is able to add another user to his or her friends by accepting a "friend request." If a user accepts a friend request from another user, the two users can access, browse, and download the files each of them has chosen to share. The download of a file is achieved through a direct connection between the user's computer requesting the file and the user's computer that has the file.

7. When a user views the shared folders of another user, the user views the shared folder structure, folder names, files names, and content exactly as they appear on the computer of the user sharing the folders, files, and content.

8. Users connected through the free version of this software exchange files directly from one computer to another, meaning that a downloaded file comes from a single user's computer and only that computer (a "single source download"). There is a premium version of the software that allows for multi-source downloads (meaning that a multiple parts of a single file may be downloaded from several different computers), but the FBI only uses the free version of the software (which allows for single source downloads) in undercover investigations.

**C. Facts Supporting Probable Cause to Search Thomas Fairclough's Residence**

9. On or about July 17, 2009, an FBI undercover employee (UCE) logged into an undercover account on a peer-to-peer network. The UCE queried his list of "friends" on that network and observed that the individual utilizing screen name ▬▬▬▬▬▬▬▬ was logged into the network.

10. A "friends list" is a list of other network users who are permitted to access a user's profile and shared files. In order to trade files on this particular file-sharing network, each user must specifically add the other to his friends list. ▬▬▬▬▬▬▬ was "friends" with the UCE's account. As such, the UCE was able to access files from shared directories on ▬▬▬▬▬▬▬'s computer.

3

11. On or about July 17, 2009, the UCE browsed ▓▓▓▓▓'s shared directories and observed numerous files with names indicating that they contained child pornography. The UCE then downloaded approximately 31 files, including 4 video files, directly from ▓▓▓▓▓'s computer. While downloading these images, the UCE identified the IP address of ▓▓▓▓▓'s computer. After the download, the UCE reviewed logs produced during the file transfer and verified that all 31 files, in their entirety, were transferred to the agent's computer from a computer using the IP address ▓▓▓▓▓.

12. The FBI eventually determined that all of the 31 files, including the 4 videos, downloaded from ▓▓▓▓▓'s computer depicted child pornography, including many images which the UCE recognized from various known, identified child victims. For example, the following images and videos of child pornography were among those downloaded from ▓▓▓▓▓'s computer:

a. (boyparty too) eddie, timmy, and brandon.mpg: an approximately 2 minute, 26 second video, from the previously identified J&N series, during which 3 nude pre-pubescent males jump on a bed and wrestle.

b. (boyparty) Josh - horny 12yo.mpg: an approximately 4 minute, 15 second video, from the previously identified J&N series, during which a pre-pubescent male masterbates and an adult male performs oral sex on the pre-pubescent male. The adult male and the pre-pubescent male then rub their penises together.

      c. (boyparty) Mj 6Yo Boy(With Dad).mpg: an approximately 3 minute, 11 second video, from the previously identified "blue couch series", during which a pre-pubescent male performs oral sex on an adult male.

      d. preteen boys sex.jpg: an image file depicting a pre-pubescent male performs oral sex on another pre-pubescent male. The image contains a previously identified victim.

      e. bbbbondage(54).jpg: an image file depicting nude, pre-pubescent male bound by his wrists and les, with his legs spread apart, which displays his genitalia in a lewd and lascivious manner.

      f. bond003_2.jpg: an image file depicting a nude, pre-pubescent male lying on his stomach, his arms bound together behind his back, and his legs spread apart and bound, which displays his anus.

      13. On August 7, 2009, Comcast provided records reflecting that on July 17, 2009, IP address ▮▮▮▮▮▮▮▮ was assigned to subscriber Thomas Fairclough. Comcast's records for subscriber Fairclough's account list his address as on the ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮, Kankakee, Illinois. According to Comcast, as of September 3, 2009, Fairclough still had an active Comcast residential high-speed internet account.

      14. On October 15, 2009, I confirmed, through the National Crime Information Center ("N.C.I.C.") and Illinois State Police Records, that Thomas Fairclough is a registered sex offender, having pled guilty in 2003 to the aggravated criminal sexual abuse of a victim under 13 years old.

15. On October 27, 2009, I executed a Federal search warrant, authorized by United States Magistrate Judge David G. Bernthal on October 21, 2009 at the residence of Thomas Fairclough on the ███████████████, Kankakee, Illinois. During the course of the search warrant, I interviewed Fairclough in the presence of other law enforcement officers. After being advised of the identity of the interviewing agent and the nature of the interview, Fairclough provided the following information:

16. Fairclough admitted that he had been downloading child pornography for over 12 years. He stated that there were over 300 gigabytes[1] of child pornography on his computer and his one terabyte external hard drive.

17. When shown a list of file names of child pornography files downloaded from his computer by the FBI UCE's, he admitted that he recognized some, but not all of the file names and initialed the document indicating which ones he did recognize with checkmarks. He subsequently initialed printed copies of the pictures downloaded by FBI UCE's, indicating that he recognized some, but not all of the files. Some of the files he recognized as being in existence for 10 or more years.

18. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[1] A gigabyte (GB or gig) is a unit of measurement in computers and similar electronic devices, meaning an approximate one thousand megabytes, and is often used to refer to the storage space in a computer hard drive. A terabyte is a likewise unit of measurement, with each terabyte meaning an approximate one thousand gigabytes.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓ FBI computer Forensic Examiner Connie Gummadi visually examined the defendant's computer and identified the hard drive as being manufactured in Korea, the external hard drive, made by Sabrik, based on her training and experience, was manufactured outside the State of Illinois.

19. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

20. He admitted to using the online peer-to-peer user account ▓▓▓▓▓▓▓▓▓▓▓▓', as described earlier in this affidavit. He provided his username and password to me, which FBI SA Shannon McDaniel confirmed was accurate and allowed access into his peer-to-peer account.

21. He signed a written statement stating that he had been trading child pornography via peer to peer technology for over 14 months and via USENET for 11 years prior to that. He identified users which he traded with the most, and stated that he had about 80 users which he traded child pornography with. Additionally, he added

and initialed an additional statement that ██████████████████████████
██████████████████████████████████████████████████████

FURTHER AFFIANT SAYETH NOT.

        s/ Matthew Sellman

        Matthew W. Sellman, Special Agent
        Federal Bureau of Investigation

Subscribed and sworn to before me this 27th day of October, 2009

        s/ David G. Bernthal

        David G. Bernthal, Magistrate Judge
        United States District Court